No. 2807. DAVIS *v.* POLLOCK. November Term, 1891. On October 8, 1891, the clerk of this court dismissed the appeal in this case under rule 1, on an affidavit from the respondent's attorney that the "Case" for appeal had been agreed upon on June 2, 1891, and the return not having been filed as required by rule 2, until September 28, 1891, an interval of more than 40 days.

After proper notice, the appellant's attorney made this motion to reinstate the appeal on affidavits which stated that the failure to file the agreed statement within 40 days resulted from inadvertence caused by the illness of the senior counsel for appellant.

December 2, 1891, the court (Justices McIver and McGowan) signed a formal order reinstating the appeal, saying:

The clerk was perfectly right in dismissing the appeal on the affidavit presented to him under rule 1.

It will be observed that respondent's counsel object to the reinstatement of the appeal on two grounds: 1st. Because the state-

ment agreed upon was not intended for the return, but constituted the "Case" for hearing.   2nd. Because the return, assuming the agreed statement to be the return, was not filed in the time required by the rules of this court.   The first objection is disposed of by the decision in the case of *McNair* v. *Craig*, 34 S. C., 9, and the reasoning in the opinion then filed is adopted as the reasoning in this case.   The fact that the statement of the case for the Supreme Court, agreed upon by counsel for the respective parties, will not deprive it of that character, as the Code of Civil Procedure, section 345, subd. 5, provides that where counsel for the respective parties agree on a statement of the case for the Supreme Court, "no return or other paper from the Circuit Court shall be required;" and rule 2 of the Supreme Court provides that such agreed statement, with the notice of appeal and exceptions, shall constitute the return.   This decision explains *Nabors* v. *Latimer*, 30 S. C., 607.   The affidavits of appellant's attorneys concede that the return was not filed in the time required by the rule of court; but they allege that the critical illness of the attorney having sole charge of the appeal caused the delay.   This is considered by the court a sufficient excuse for non compliance with the rule of court.   *Wilson, Wilson & McDow*, for the motion.   *W. B. McCaw*, contra.